**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DANIEL PENREE and D-M.W.,**
**a minor child, by Daniel Penree,**
**his father,**

                              **Plaintiffs,**

    **vs.**                                              **6:13-cv-01323**
                                                             **(MAD/ATB)**

**CITY OF UTICA POLICE SERGEANT**
**WATSON; CITY OF UTICA POLICE**
**OFFICER CICCONE; and CITY OF UTICA**
**POLICE OFFICER SKABINSKI,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**DEEP LAW OFFICE**                        **NORMAN P. DEEP, ESQ.**
P.O. Box 300
Clinton, New York 13323
Attorneys for Plaintiff Daniel Penree

**BOSMAN LAW FIRM, LLC**                 **A.J. BOSMAN, ESQ.**
201 West Court Street
Rome, New York 13440
Attorneys for Plaintiff D-M.W.

**CITY OF UTICA CORPORATION**          **ZACHARY C. OREN, ESQ.**
**COUNSEL**
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502
Attorneys for Defendants

**LEONARD, CURLEY & LONGERETTA**   **DAVID A. LONGERETTA, ESQ.**
205 West Court Street
Rome, New York 13440
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On October 23, 2013, Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants committed various constitutional violations and also alleging state law tort claims. *See* Dkt. No. 1. On June 23, 2014, Plaintiffs filed an amended complaint. *See* Dkt. No. 19.

In a Memorandum-Decision and Order dated March 4, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment, dismissing several of Plaintiffs' claims and several Defendants from this action. *See* Dkt. No. 48 at 61-64. As a result, Plaintiff Penree's remaining claims are for malicious prosecution under state law and the Fourth Amendment, excessive force under the Fourth Amendment, false arrest under the Fourth Amendment, and unlawful entry under the Fourth Amendment. *See id.* at 61 n.10. Plaintiff D-M.W.'s remaining claims are for excessive force under the Fourteenth Amendment and assault and battery. *See id.*

On March 17, 2016, Defendants filed a notice of appeal to the Second Circuit, arguing that the Court improperly denied qualified immunity to the individual Defendant officers. *See* Dkt. No. 49. The Second Circuit dismissed Defendants' appeal in part and affirmed this Court's order. *See* Dkt. No. 59.

Currently before the Court are motions *in limine* filed by Plaintiffs and Defendants. In Plaintiffs' motion, they argue that Defendants should be precluded from introducing any evidence regarding Plaintiff Penree's arrest history or "incidents involving the Plaintiff." *See* Dkt. No. 79-1 at 7-12. In Defendants' motion, they contend that Plaintiffs should be precluded from "even mentioning" Plaintiff Penree's Utica City Court criminal proceeding that dismissed the charges against him. *See* Dkt. No. 73 at 1; Dkt. No. 72 at 16-18. Defendants also argue that Plaintiffs should be precluded from introducing any evidence regarding Plaintiff Penree's alleged loss of child visitation rights as a part of his alleged damages. *See* Dkt. No. 73 at 1; Dkt. No. 72 at 12-

2

16. Finally, in Plaintiffs' opposition to Defendants' motion *in limine*, Plaintiff argues that Defendants' expert, Todd A. Faulkner, offered additional opinions in his trial deposition that were not contained in his initial expert report, and, therefore, are inadmissible. *See* Dkt. No. 84 at 6-8.

## II. DISCUSSION

### A.     Standard

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, courts are "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

### B.     Plaintiffs' motion *in limine*

#### *1. Plaintiff Penree's arrest history and prior incidents*

Plaintiffs claim that Defendants provided a document containing Plaintiff Penree's arrest history and "numerous incidents" involving Plaintiff Penree dating back to 2006. *See* Dkt. No. 79-1 at 7. Plaintiffs argue that this information is not relevant and cannot be used to impeach Plaintiff Penree. *See id.* at 7-10. Plaintiffs have not provided the Court with said document, so

3

the Court is unsure of the nature of the incidents and arrests that Plaintiffs are referring to.[1]  Nor do Plaintiffs describe the arrests or incidents in their current motion.   Accordingly, the Court has no way to determine the admissibility of such incidents without further details.

With that said, Defendants specifically argue that testimony and documentation regarding the events that transpired the day before the incident giving rise to this case are admissible. *See* Dkt. No. 83 at 5-6.  The Court held in its March 4, 2016 Memorandum-Decision and Order that there are questions of fact as to whether the officers had probable cause to arrest Plaintiff Penree, and, specifically, whether there was reason to doubt Danielle Williams's veracity. *See* Dkt. No. 48 at 20-21.  Defendants contend that Defendant Skibinksi was aware of the events that transpired the prior day and of the alleged threat that Plaintiff Penree made that day. *See id.* at 6.  The Court finds that the events that transpired that day, including Plaintiff Penree's threat that he would "kill all of you," Dkt. No. 41-2 at 2, are relevant to determining whether Defendants had probable cause to arrest Plaintiff Penree the following day.  A jury could find that based on Plaintiff Penree's conduct toward Danielle Williams and the police the prior day, as well as Plaintiff's alleged threat, that Danielle Williams was being truthful when she reported the alleged harassment. Or, at the very least, Plaintiff Penree's conduct the prior day may have been one consideration to Defendants when determining whether to believe Danielle Williams's allegations.  It is true that the Court held that the alleged threat Plaintiff Penree made did not give Defendants probable cause to arrest Plaintiff Penree the following day as a matter of law, and thus the Court denied Defendants' summary judgment motion, but that alleged threat may be submitted to the fact-finder.  The Court also finds that, while this evidence is somewhat prejudicial to Plaintiff

---

[1] Plaintiffs did not attach this document to their motion or cite to any document in the record containing Plaintiff Penree's arrest history and prior incidents.

Penree, it is certainly probative of the issue of whether the officers had probable cause to arrest Plaintiff Penree. Accordingly, the Court finds that its probative value is not substantially outweighed by the danger of unfair prejudice.

Finally, the Court agrees with Defendants that the general domestic violence history between Plaintiff Penree and Danielle Williams may be relevant to the issue of whether there was a reason to doubt Danielle Williams's veracity, and, thus, whether Defendants had probable cause to arrest Plaintiff Penree. *See* Dkt. No. 83 at 5. Accordingly, the Court believes that some of the incidents may be admissible; however, as the Court has explained, none of the specific incidents are before the Court at this time. As such, the Court cannot determine exactly which incidents or arrests are admissible. Accordingly, the Court denies Plaintiffs' motion without prejudice to renew.

In sum, Plaintiffs' motion to preclude evidence regarding Plaintiff Penree's prior arrests or incidents is denied without prejudice to renew. However, testimony and documentation regarding the events that transpired on April 22, 2012, the day before the incident giving rise to this case, are admissible.

### *2. Testimony of Defendants' expert*

In Plaintiffs' opposition papers, they argue that Defendants' expert, Mr. Faulkner, exceeded the scope of his expert report when he testified during a trial deposition about the appropriateness of Defendants' conduct in entering the home and tasing Plaintiff Penree. *See* Dkt. No. 84 at 6-7. The deposition transcript has now been filed with the Court, and the Court is going to make rulings on the objections set forth in that transcript in a separate order. Accordingly, the Court reserves decision until the Court reviews the transcript and makes rulings with respect to the objections set forth therein.

**C.     Defendants' motion *in limine***

*1. The Utica City Court Decision and Order*

Defendants argue that the Utica City Court Decision and Order (the "Utica Order") that dismissed the criminal charges against Plaintiff Penree is inadmissible hearsay and unfairly prejudicial under Fed. R. Evid. 403.  *See* Dkt. No. 72 at 16-18; *see also* Dkt. No. 37-18.  The Utica Order contains a findings of fact section and a conclusions of law section, and it dismissed the charges against Plaintiff Penree because the officers entered his house without a warrant and without exigent circumstances.  *See* Dkt. No. 37-18.  Defendants cite several cases, including the Fourth Circuit's decision in *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993), that held that judicial findings of fact are inadmissible hearsay that do not fall within the public records exception in Fed. R. Evid. 803(8).  *See* Dkt. No. 72 at 18 (citing *Nipper*, 7 F.3d at 417-18).  Plaintiffs cite a number of cases for the proposition that courts may take judicial notice of other court decisions.  *See* Dkt. No. 84 at 4.  Plaintiffs also argue that the Utica Order is relevant to several elements of Plaintiff Penree's malicious prosecution claim, particularly that the criminal proceedings terminated in Plaintiff Penree's favor.  *See id.* at 5.  Plaintiffs further contend that the Utica Order is not unduly prejudicial.  *See id.* at 5-6.

Defendants are correct that judicial findings of fact are inadmissible hearsay.  In *Nipper*, the Fourth Circuit held that the public records exception to the hearsay rule, "on its face, does not apply to judicial findings of fact; it applies to factual findings resulting from an investigation made pursuant to authority granted by law." *Nipper*, 7 F.3d at 417 (quotation omitted).  The Fourth Circuit concluded that "[t]here is not the slightest hint, from either the text of the rule or the advisory committee note, that the [public records exception] applies to judicial findings of fact." *Id.*  Other courts have concluded similarly.  *See United States v. Nelson*, 365 F. Supp. 2d

6

381, 388 (S.D.N.Y. 2005) ("[J]udicial findings generally do not fall under the hearsay exception established by Rule 803(8)(C)."); *see also United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior judgment is . . . hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment."). The cases relied upon by Plaintiffs are inapposite, as most of them deal with courts taking judicial notice of judicial decisions at the motion to dismiss stage, and do not deal with the hearsay problem with such decisions. *See, e.g.*, *Nemeth v. Vill. of Hancock*, No. 3:10-CV-1161, 2011 WL 56063, *1 n.3 (N.D.N.Y. Jan. 7, 2011) ("On a Rule 12(b)(6) motion, the Court may take judicial notice of a state court decision.").

Moreover, the Court finds that the Utica Order is inadmissible under Fed. R. Evid. 403. The Utica Order would be unduly prejudicial to Defendants because the Utica City Court Judge set forth findings of fact, and based on those, found that there were no exigent circumstances permitting the officers' warrantless entry into the house. *See* Dkt. No. 37-18 at 2-4. As the Fourth Circuit has explained, "judicial findings of fact 'present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.'" *Nipper*, 7 F.3d at 418 (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1185 (E.D. Pa. 1980)). Given the circumstances presented in this case, and, specifically, given that whether there were exigent circumstances is directly relevant to Plaintiff Penree's unlawful entry claim, the Court finds that the Utica Order would present a danger of unfair prejudice to Defendants that substantially outweighs its probative value.

Plaintiffs are correct, however, that the dismissal of the criminal charges against Plaintiff Penree is relevant to Plaintiff Penree's malicious prosecution claim. It appears based on Defendants' submissions that Defendants concede that the proceedings were terminated in

7

Plaintiff Penree's favor, and the Court will instruct the jury accordingly. To the extent that Defendants do not concede this element, Plaintiffs are permitted to establish that Plaintiff Penree's criminal proceedings were terminated in his favor.

### *2. Plaintiff Penree's alleged damages based on loss of visitation rights*

Defendants contend that they "recently learned that Plaintiff Penree intends to introduce evidence as to how he may have lost some visitation time with his children as result of a family court order that may have taken into consideration the charges from this incident." Dkt. No. 72 at 12. Defendants argue that such evidence is inadmissible because Defendants did not proximately cause this alleged injury by their actions on April 23, 2012. *See id.* at 12-15. Defendants also contend that Plaintiff Penree should be precluded from introducing evidence of such damages because he did not plead them in his amended complaint or set them forth in any discovery materials. *See id.* at 15-16. Plaintiffs contend that these damages are a part of the "psychological pain and suffering, mental anguish and fear, fear of police and loss of enjoyment of life" that Plaintiffs set forth in the amendment complaint. *See* Dkt. No. 84 at 2. Plaintiffs also contend that they set forth damages to "Claimants' family relations" in their notice of claim. *See id.*; Dkt. No. 84-1 ¶ 6. Finally, Plaintiffs argue that the issue of whether Defendants proximately caused this injury should be submitted to the jury. *See* Dkt. No. 84 at 3.

The Court has no information whatsoever regarding this apparent family court order that allegedly took away some visitation time from Plaintiff Penree. The Court has no information when such an order was issued or the extent to which the family court judge's determination relied on the events that occurred on April 23, 2012. The Court also has no knowledge regarding when Plaintiffs' counsel became aware of such a family court order. Accordingly, Defendants' motion with respect to these alleged damages is denied without prejudice to renew. At trial,

8

Defendants will be permitted to make an offer of proof outside the presence of the jury when and if such issues arise, and the Court will hear arguments from both sides and render a decision at that time.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion *in limine* is **DENIED** without prejudice to renew with respect to the admissibility of Plaintiff Penree's prior arrests and incidents; and the Court further

**RESERVES** decision on Plaintiffs' motion *in limine* with respect to the admissibility of Defendants' expert's testimony; and the Court further

**ORDERS** that Defendants' motion *in limine* is **GRANTED in part** and **DENIED in part** without prejudice to renew; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 10, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge